

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 5, 1958

Honorable S. M. Nabrit,
President,
Texas Southern University,
Houston, Texas

Dear Mr. Nabrit:

Opinion No. WW-349.

Re: Whether Texas Southern University may select as its depository a bank which has as its principal officer and as a director, a member of the Board of Directors of Texas Southern University.

   Your request for an opinion indicates that the Board of Directors of Texas Southern University is contemplating the selection of a depository bank for local institutional funds, which said bank has as its principal officer and as a director, a member of the Board of Directors of the University.

   Section 14c of Article V of House Bill 133, Acts of the 55th Legislature, Regular Session, Chapter 385, p. 1140, same being the current Biennial Appropriation Act, provides in part as follows:

>    "c. Local Depositories. The Governing Boards of the respective institutions for which appropriations are made in this Article are hereby authorized to select depository banks for the safe-keeping of local funds other than those specified in Section 14b, of this Article. The Boards shall require said depository banks to furnish adequate surety bonds or securities to be posted for the assurance of safety of such deposits. The depository bank or banks so selected are hereby authorized to pledge their securities for assurance of safety for such funds. All such local funds shall be deposited in these depositories within five (5) days from date of collection. The Governing Board may require the depository so designated and selected to pay interest on deposits at a rate to be agreed upon by said depositories and said Boards."

   The cited provision of the appropriation act is largely declaratory of the general law on the subject.

Attorney General's Opinion WW-161 (1957) reaffirmed that the Board of Trustees of a local school district could not select as the school's depository a bank in which a member of the school board was interested either as an officer, director or stockholder. In this connection, see also: Attorney General's Opinions O-5158 (1943), O-7514 (1946), O-2656 (1940); 140 ALR 345.

We think that the same rules of law announced in the foregoing opinions would be equally applicable to the selection of a local depository for your institution.

Your request further inquires if it would be permissible for the Board of Directors to select an individual as depository for the University, which individual would then deposit funds received by him in the bank of his choice, including a bank in which a member of your Board might be interested as an officer, director or stockholder. Our Opinion No. WW-161 recognized the authority of a local school board to follow such procedure, subject to certain vital limitations, pursuant to the provisions of Article 2832 of Vernon's Civil Statutes. The above Article, however, applies only to certain independent school districts and has no application to institutions of higher learning. We find no authorization for Texas Southern University to designate an individual as its local depository.

You are accordingly advised that it is our opinion that the Board of Directors of Texas Southern University may not designate a bank as its local depository in which a member of the University's Board of Directors is interested, as an officer, director or stockholder.

SUMMARY

The Board of Directors of Texas Southern University may not designate as the school's local depository a bank in which a member of the University's Board of Directors is interested as an officer,

director or stockholder.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore
Assistant

LP:wam:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Morgan Nesbitt
John H. Minton, Jr.
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert.